IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BOBBIE ROBERTS,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

Civil Action 7:11-CV-86 (HL)

**ORDER**

This case is before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 23). The Motion is denied.

On December 14, 2011, the Court entered an order granting summary judgment in favor of Defendant, State Farm Fire and Casualty Company. Judgment in Defendant's favor was entered on December 15, 2011. Plaintiff, Bobbie Roberts, subsequently filed a notice of appeal from the Court's order and judgment, and she seeks to proceed *in forma pauperis* on appeal.

Proceedings *in forma pauperis* are addressed at 28 U.S.C. § 1915(a), which authorizes the commencement of, among other things, an appeal without prepayment of fees. The Court may allow Plaintiff to proceed on appeal without the prepayment of fees if she "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense

or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).[1] The statute further provides that an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Courts construing the "good faith" provision of § 1915(a)(3) have generally held that an appeal that is "not being pursued in good faith" is one that is frivolous. In re Arnold, 166 Fed. Appx. 424 (11th Cir. 2006) (unpublished); *see also* Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859-60 (11th Cir. 2008) (unpublished).

*In forma pauperis* proceedings are also governed by Federal Rule of Appellate Procedure 24(a)(1), which requires a party who desires to appeal *in forma pauperis* to file a motion in the district court. The party must attach an affidavit to the motion that (1) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1).

While Plaintiff has demonstrated an inability to pay, she is also required to submit a statement of issues to be appealed. A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F.Supp. 757, 760

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 2 (11th Cir. 2004).

(D.C. La. 1963). Plaintiff has not directed the Court to any issue she intends to raise on appeal. Having reviewed the record, the Court cannot perceive any arguable legal issue raised by Plaintiff which might be resolved in Plaintiff's favor. Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith. The Motion to Proceed Without Prepayment of Fees (Doc. 23) is denied. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**SO ORDERED**, this the 23rd day of January, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh